IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIRST MERCURY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action: _____ |
| LIBERTY PL SERVICES, LLC d/b/a LIBERTY PIPELINE SERVICES, | § § § § | |
| Defendant. | § | |

**FIRST MERCURY INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff First Mercury Insurance Company ("First Mercury") files this lawsuit, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, for a declaratory judgment against Liberty PL Services, LLC d/b/a Liberty Pipeline Services ("Liberty"), and would respectfully show the Court as follows:

**I.
NATURE OF ACTION**

1. By filing this lawsuit, First Mercury seeks a declaration of the rights and obligations of the parties to two insurance policies issued by First Mercury to Liberty, Policy No. FMFE300028 (the "2008-09 Policy") and Policy No. FMFE300331 (the "2009-10 Policy") (collectively, the "Policies").

2. Liberty has made a claim against First Mercury under the Policies for a defense and for indemnification in connection with five lawsuits that have been filed against Liberty (the "Lawsuits"). First Mercury seeks a declaration that it has no duty under the Policies to either defend or indemnify Liberty in connection with the Lawsuits

because the claims against Liberty in the Lawsuits are excluded from coverage by the Policies.

## II.
## PARTIES

3. Plaintiff First Mercury is an Illinois corporation, having been incorporated in the State of Illinois, with its principal place of business in the State of Michigan. Thus, for purposes of diversity of citizenship, First Mercury is a citizen of Illinois and Michigan, but not a citizen of Texas.

4. Defendant Liberty is a Texas limited liability company, formed under the laws of the State of Texas, with its principal place of business at 24900 Pitkin, Suite 175, Spring, Texas 77386. Liberty's sole member is Allen Weatherford, who resides at 27 Wood Cove Dr., Spring, Texas 77381, and is thus a resident and citizen of Texas. Thus, for purposes of diversity of citizenship, Liberty is a citizen of Texas, but not a citizen of Illinois or Michigan. Liberty may be served with process in this case through its sole member, Chief Executive Officer, and registered agent, Allen Weatherford, at 24900 Pitkin, Suite 175, Spring, Texas 77386, or wherever he may be found.

## III.
## JURISDICTION AND VENUE

5. This Court has jurisdiction over this lawsuit pursuant to Section 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy herein exceeds $75,000.00 exclusive of interest and costs. More specifically, the plaintiff in one of the Lawsuits against Liberty seeks over $447,000 in damages. Thus, Liberty's claim against First Mercury is for indemnification in such amount, as well as for other losses it has or may incur in connection with each of the

other Lawsuits. Additionally, First Mercury has already paid to, or on behalf of, Liberty defense costs in excess of $300,000, which amount First Mercury seeks reimbursement for in this lawsuit.

6. There exists an actual case or controversy between Plaintiff and Defendant for purposes of 28 U.S.C. § 2201, because Defendant has made a claim against Plaintiff under the Policies, and Plaintiff has notified Defendant that such claim is not covered, either for defense or indemnification, under either of the Policies, although it has agreed under a reservation of rights to indemnify Defendant for defense costs in connection with the Lawsuits.

7. Venue is proper in this Court pursuant to Section 28 U.S.C. §§ 1391(a)(1) and (2) because the Defendant resides in this District, and because all or a substantial part of the acts and events giving rise to the claim occurred in this District.

## IV.
## FACTUAL BACKGROUND

**A. Liberty's Provision of Professional Services in Connection with the Mid-Continent Express Pipeline**

8. Liberty is an energy pipeline services consulting firm experienced in natural gas pipelines. Among other services, it provides safety inspections and audits in connection with such pipelines.

9. The complaints in the Lawsuits allege that Liberty contracted with a co-defendant in the Lawsuits, Mid-Continent Express Pipeline, LLC ("MEP"), to provide safety services in connection with a pipeline owned by MEP.

**B.     The Explosion and Resulting Lawsuits**

10.     According to allegations in the Lawsuits, Priority Energy Services, LLC was conducting pressure testing of the pipeline on July 15, 2009, when a catastrophic explosion occurred, causing injuries or death for which each of the plaintiffs in the Lawsuits seek damages against Liberty and the other defendants in the Lawsuits.

11.     Liberty was named a defendant in the Lawsuits, as follows: 1) *Lee v. Kinder Morgan, Inc. et al.*, No. 2011-14924, pending before the 133d Judicial District Court of Harris County, Texas (the "*Lee* Lawsuit); 2) *Cannon v. Kinder Morgan, Inc. et al.*, No. 2009-52848, pending before the 189th Judicial District Court of Harris County, Texas (the "*Cannon* Lawsuit") (the *Lee* Lawsuit and the *Cannon* Lawsuit have now been consolidated); 3) *Candler v. Grand Bluff Construction Company, Inc. et al.*, No. 92439 "E," pending before the 15th Judicial District Court of Vermilion Parish, Louisiana (the *Candler* Lawsuit"); 4) *Matthew v. Grand Bluff Construction Company, Inc. et al.*, No. 92472 "D," pending before the 15th Judicial District Court of Vermilion Parish, Louisiana (the "*Matthew* Lawsuit") (the *Candler* Lawsuit and the *Matthew* Lawsuit have now been consolidated); and 5) *Williams v. Priority Energy Services, LLC et al.*, No. 2011-209, pending before the Circuit Court of Smith County, Mississippi (the "*Williams* Lawsuit") (separately or all together, each of the lawsuits are referred to as the "Lawsuit(s)"). True and accurate copies of the operative complaints or petitions in each of the Lawsuits are attached hereto as **Exhibits A** through **E**. In each of the Lawsuits, the plaintiffs seek to recover from Liberty and others for bodily injuries or death to certain individuals allegedly caused by the explosion identified above.  As noted above, the

---
**FIRST MERCURY INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT**                                                                                          **PAGE 4**
4066414.4/SP/85032/0174/061512

plaintiff in the *Williams* Lawsuit alone seeks damages from Liberty in excess of $447,000. *See* Ex. E, Williams' Amd. Complaint, ¶ 51.

**C.    The Policies and Liberty's Claim Relating to the Lawsuits**

12.    Each of the two Policies contains both a Professional Liability Coverage Form ("PL Coverage Form") and a Commercial General Liability Coverage Form ("CGL Coverage Form"). The 2008-09 Policy had a policy period from September 1, 2008, to September 1, 2009. A true and accurate copy of said policy is attached hereto as **Exhibit F** and incorporated herein by reference. The 2009-10 Policy had a policy period from September 1, 2009, to September 1, 2010. A true and accurate copy of said policy is attached hereto as **Exhibit G** and incorporated herein by reference.

**(1)    The PL Coverage Form**

13.    The PL Coverage Form of each of the Policies provides potential coverage as follows, in relevant part:

> **I. INSURING AGREEMENTS**
>
> **A. COVERAGE AND DEFENSES**
>
> The Company shall pay on behalf of the "insured" those "damages" in excess of the Self-Insured Retention that the "insured" becomes legally obligated to pay to others, but only:
>
> 1.    if such "damages" result from a "wrongful act" committed by any "insured" in performing or failing to perform "professional services" anywhere in the world; and
>
> 2    if the "insured" performed the operations on or after the retroactive date specified in the Declarations and prior to the end of this "policy period"; and
>
> 3.    if "claim" for such "damages" is first made against the "insured" during this "policy period," or any applicable extended reporting period; and

  4. if such "claim" is reported in writing directly to the Company and such reporting is received by the Company as soon as practicable, but not later than sixty (60) days immediately subsequent to the end of this "policy period"; and

  5. if on the effective date of this policy, no "insured" had knowledge of any circumstances, which could reasonably be expected to give, rise to a "claim."

The Company will pay all "claims expenses" in excess of the Self-Insured Retention for all "claims" covered under the terms of this policy.

The Company shall have both the right and duty to provide for the defense of the "insured" with respect to a "claim" made against any "insured" in the United States of America, its territories or possessions, or Canada, falling under the purview of all of the foregoing requirements. The Company shall also have the exclusive right to investigate such "claim," to designate and appoint all legal counsel to defend the "insured" and to otherwise control the defense thereof.

  14. Section II.A of the PL Coverage Form goes on to define a "claim" as follows:

> [A]n oral or written notice to the "named insured" from any party intending to hold any "insured" responsible for "damages" arising out of a "wrongful act" committed by any "insured" in performing or failing to perform "professional services.

  15. Section V.M of the PL Coverage Form (the "Worker's Compensation Exclusion") provides as follows:

> **V. EXCLUSIONS**
>
> The Company shall have no obligation whatsoever under this policy to make any payment of any kind for either "damages," claims expense," or any coverage or payment provided pursuant to Section I.B., Supplementary Coverages and Payments, or to arrange for, provide, or pay, for any defense, for:
>
> . . . .

---

> M. any "claim" for "bodily injury" or death to any person, whether or not an employee of the "named insured" if benefits from the "bodily injury" or death are collectible or compensable under any workers compensation law or disability benefits law.

**(2) The CGL Coverage Form**

16. The CGL Coverage Form of both the Policies provides potential coverage as follows, in relevant part:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

17. Further, Section I.1.b(2) of the CGL Coverage Form provides that "[t]his insurance applies to 'bodily injury' and 'property damage' only if . . . [t]he 'bodily injury' or 'property damage' occurs during the policy period."

18. Endorsement Number 6 in each of the Policies (the "Professional Services Exclusion") amends the CGL Coverage Form of the Policies to provide as follows:

> **EXCLUSION ENGINEERS, ARCHITECTS, SURVEYORS OR CONSULTANTS PROFESSIONAL LIABILITY**
>
> . . . .
>
> This insurance does not apply to "bodily injury," "property damage," personal injury," or "advertising injury," arising out

of the rendering of or failure to render any professional services by or for the "insured," including:

1.  The preparing, approving, or failing to prepare or approve, maps, drawings, opinions, reports, surveys, change orders, designs or specifications; and

2.  Supervisory, inspection, engineering, or consulting services.

19. On or about September 2, 2009, Liberty notified First Mercury for the first time that it was asserting a claim under the Policies for defense and indemnity with respect to actual or potential claims against it arising from bodily injuries or death of certain individuals allegedly caused by the pipeline explosion. Thereafter, Liberty notified First Mercury of the petitions or complaints filed against it in each of the Lawsuits, and sought coverage for both defense and indemnity under the Policies.

20. By several letters, First Mercury informed Liberty that there is no coverage under the CGL Coverage Form, either for defense or indemnification, in connection with the Lawsuits. By the same correspondence First Mercury also informed Liberty that it was reserving its rights and defenses under various provisions of the Policies, and otherwise, but also informed Liberty that it would provide Liberty with a defense in the Lawsuits, subject to its reservation of rights.

21. As a result of discovery in the Lawsuits, and by virtue of intervention complaints filed by worker's compensation insurers, First Mercury has learned that benefits for the "bodily injury" alleged by each of the plaintiffs in the Lawsuits were collectible or compensable under worker's compensation laws and, therefore, there can be no coverage for Liberty's claim, either for defense or for indemnification, due to Exclusion M, the Worker's Compensation Exclusion, of the PL Coverage Form.

Therefore, by letter dated April 16, 2012, First Mercury informed Liberty that it was withdrawing its defense of Liberty in connection with the Lawsuit.

22. Thereafter, by letter from its counsel dated May 1, 2012, Liberty disagreed with First Mercury's position under the PL Coverage Form of the Policies, and further, for the first time maintained that there was coverage under the CGL Coverage Form of the Policies. First Mercury disagrees with Liberty's position concerning coverage, but it has agreed, under a complete and continuing reservation of all of its rights and defenses, to indemnify Liberty for its reasonable attorneys' fees and expenses incurred in defending the Lawsuits.

## V.
## COUNT ONE

**FIRST MERCURY HAS NO DUTY TO DEFEND OR INDEMNIFY LIBERTY UNDER THE PL COVERAGE FORM OF THE 2008-09 POLICY BECAUSE NO CLAIM WAS MADE AGAINST LIBERTY DURING THE PERIOD OF THAT POLICY**

23. First Mercury incorporates herein by reference each of the allegations of Paragraphs 1-22 of this Complaint as though specifically set forth herein.

24. Section I.A.3 of the PL Coverage Form in each of the Policies provides coverage only if a "claim" is first made against the insured during the period of the Policy. Here, no "claim" was made against Liberty until it was added as a defendant in the *Cannon* Lawsuit on or about June 10, 2010, during the period of the 2009-10 Policy. Therefore, First Mercury requests that this Court issue a judgment declaring that it has no duty to defend or indemnify Liberty under the PL Coverage Form of the 2008-09 Policy.

## VI.
## COUNT TWO

**FIRST MERCURY HAS NO DUTY TO DEFEND OR INDEMNIFY LIBERTY UNDER THE PL COVERAGE FORM OF THE 2009-10 POLICY PURSUANT TO THE WORKER'S COMPENSATION EXCLUSION**

25. First Mercury incorporates herein by reference each of the allegations of Paragraphs 1-24 of this Complaint as though specifically set forth herein.

26. Under Texas law, a court is permitted to look beyond the "eight corners" of an insurance policy and the pleadings in the underlying lawsuit(s) to determine questions of insurance coverage if the pertinent facts relate only to coverage, and do not bear on the liability of the insured.

27. Benefits from the bodily injuries complained of by the plaintiffs in the Lawsuits are collectible or compensable under applicable worker's compensation or disability law. This fact has no bearing on Liberty's liability. Rather, it is relevant only to whether coverage exists under the Policies. As such, this Court is permitted to consider this fact in declaring whether First Mercury has a duty to defend and indemnify Liberty under the Policies. Because benefits from the bodily injuries complained of by the plaintiffs in the Lawsuits are collectible or compensable under applicable worker's compensation or disability law, Liberty requests that the Court issue a judgment declaring that it has no duty to defend or indemnify Liberty under the PL Coverage Form of the 2009-10 Policy as a result of the Worker's Compensation Exclusion.

## VII.
## COUNT THREE

### FIRST MERCURY HAS NO DUTY TO DEFEND OR INDEMNIFY LIBERTY UNDER THE CGL COVERAGE FORM OF THE 2009-10 POLICY BECAUSE THE BODILY INJURIES AT ISSUE OCCURRED DURING THE PERIOD OF THE 2008-09 POLICY

28. First Mercury incorporates herein by reference each of the allegations of Paragraphs 1-27 of this Complaint as though specifically set forth herein.

29. Section I.1.b(2) of the CGL Coverage Form of each of the Policies provides coverage only if the bodily injury complained of occurred during the period of the Policy. In this case, each of the Lawsuits arise from bodily injuries that allegedly occurred at the time of the pipeline explosion on or about July 15, 2009, during the period of the 2008-09 Policy. Therefore, First Mercury requests that the Court issue a judgment declaring that it has no duty to defend or indemnify Liberty under the CGL Coverage Form of the 2009-10 Policy.

## VIII.
## COUNT FOUR

### FIRST MERCURY HAS NO DUTY TO DEFEND OR INDEMNIFY LIBERTY UNDER THE CGL COVERAGE FORM OF THE 2008-09 POLICY PURSUANT TO THE PROFESSIONAL SERVICES EXCLUSION

30. First Mercury incorporates herein by reference each of the allegations of Paragraphs 1-29 of this Complaint as though specifically set forth herein.

31. The Professional Services Exclusion in the 2008-09 Policy excludes coverage under the CGL Coverage Form for any bodily injury arising out of the insured's rendering of or failure to render professional services, including supervisory, inspection, engineering, or consulting services. The Lawsuits all complain of bodily injuries that allegedly arose only from Liberty's rendering of or failure to render

professional services, including supervisory, inspection, engineering, or consulting services.

32. The allegations in the Lawsuits, when considered in connection with the 2008-09 Policy, make it clear that First Mercury has no duty to defend or indemnify Liberty in connection with the Lawsuits. Alternatively, the allegations in the Lawsuits, together with other coverage only facts, which the Court may consider under Texas law, when considered in connection with the 2008-09 Policy, make it clear that First Mercury has no duty to defend or indemnify Liberty for any loss it may incur in connection with the Lawsuits. Therefore, First Mercury respectfully requests that this Court issue a judgment declaring that it has no duty to defend or indemnify Liberty under the CGL Coverage Form of the 2008-09 Policy as a result of the Professional Services Exclusion.

## IX.
## COUNT FIVE

**LIBERTY IS OBLIGATED TO REIMBURSE FIRST MERCURY FOR ATTORNEYS' FEES AND EXPENSES ADVANCED IN DEFENSE OF THE LAWSUITS**

33. First Mercury incorporates herein by reference each of the allegations of Paragraphs 1-32 of this Complaint as though specifically set forth herein.

34. First Mercury agreed to provide a defense to Liberty under a complete and continuing reservation of rights. In light of the fact that First Mercury has no duty to defend Liberty, it is entitled to recover the attorneys' fees and expenses it has paid to or on behalf of Liberty in defense of the Lawsuits. Therefore, First Mercury requests that this Court issue judgment in its favor and against Liberty in an amount necessary to fully

reimburse First Mercury for all attorneys' fees and expenses paid to or on behalf of Liberty in defending the Lawsuits.

Wherefore, for the foregoing reasons, Plaintiff First Mercury Insurance Company respectfully requests this Court to enter a judgment in its favor declaring that it has no duty under the Policies to defend or indemnify Defendant Liberty PL Services, LLC in connection with the Lawsuits, requiring Liberty to fully reimburse First Mercury for all attorneys' fees and expenses paid to or on behalf of Liberty in defending the Lawsuits, awarding it its reasonable and necessary attorneys' fees and expenses, and awarding it such other an further relief, both at law and in equity, to which it is justly entitled.

Respectfully submitted,

　　　/s/ Michael Keeley　　　
**MICHAEL KEELEY**
Attorney-in-Charge
Texas State Bar No. 11157800
S.D. Texas Bar No. 10511
michael.keeley@strasburger.com
**JUSTIN P. MELKUS**
Texas State Bar No. 24042469
S.D. Texas Bar No. 627322
justin.melkus@strasburger.com
**STRASBURGER & PRICE, LLP**
901 Main Street, Suite 4400
Dallas, Texas 75202
Telephone: (214) 651-4300
Telecopier: (214) 651-4330

**ATTORNEYS FOR FIRST MERCURY INSURANCE COMPANY**